FILED

SEP 07 2023

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY \_\_MLB\_\_ DEP CLK

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA

------------------------------ X

NARGIS SULTANA :    5:23-CV-00495-D

    Plaintiff :

v. :

DEPARTMENT OF COMMERCE, :

    USPTO agency

    Defendant :

------------------------------

## COMPLAINT

Appellant, NARGIS SULTANA, brought this action against USPTO for antitrust injury to profession in commerce in the relevant market. Appellant alleges and states as follows:

PARTYS:

1. The Appellant NARGIS SULTANA started her employment with the USPTO in 2012 and examined patent applications in computer architecture and software area in the Technology Center (TC) 2100. Appellant has extensive experiences in the Information Technology industry and served in various professional capacity. The relevant industry and professions that appellant associate with are computer engineers, scientist, IT experts, chief technology officer, cyber security specialist, software engineers, IT Architects, IT project management, semiconductor and legal professionals in commerce. Associations that she has affiliation and recognized are project management professionals, Women is Science and Engineering, IEEE,

Computer Associations, and other professional community.

2. USPTO is the Agency under DEPARTMENT OF COMMERCE, the responsibility is to grant patents based on patent law, regulations and guidance.

3. The organizational relationships for patent business unit at the USPTO includes Technology Centers(TCs) and each TC is managed by group of directors based on subject matter relevant to the TC. Each TC includes group of Art units managed by GS-15 supervisory patent examiner (SPE) with FSA (full signatory authority). Director make the promotion, transfer, reassignment, and other employment related decision for the group of art units under the director's supervision. The performance is governed by agency performance appraisal plan (pap) standard for the review year. Primary examiner's name publishes in the issued patent they examine. Director can control the signatory program for general schedule (GS) promotion and progression to obtain Primary Examiner designation and control professional output of examiner in commerce.

APPLICABLE LAW:

4. The Antitrust law, (15 USC §1-27), Clayton Act. prohibits certain types of conduct that substantially lessens competition. 15 USC 15 allows suits by person injured. Patent law is governed by Title 35. Patent statute related to this matter are 35 USC 101, 102 and 103.

COUNT ONE: ANTITRUST INJURY TO PROFESSION AND EMPLOYMENT MARKET

5. Removed Appellant's name from the published patent in commerce in 2018. SPE reviewed the office action and replaced appellant's name with his name. The patent issued and published in commerce in the relevant market without appellant's name for which she

examined, communicated and conducted interviews with attorneys and SPE. Reduced output in commerce

6. Approximately 300 office actions communicated to applicants and attorneys. Approximately 70 patents published in commerce since October 2017 where appellant name published as Junior Examiner or Assistant Examiner because of a decision that is noncompliant to agency policy and procedure.

7. Four patent applications that appellant examined and issued allowance for patent has been withdrawn based on the noncompliance decision. Appellant's professional reputation damaged to attorneys and applicants.

8. False, made up and intentional allegations published for challenging the noncompliance decision and suspension issued. Document mishandled when reply filed.

9. An MSPB petition filed in May 2020 and pending before board. That turned the work environment abusive.

## Omission of material facts and communicate MSPB pending matter

10. Omission of material facts to communicated false allegations pending before MSPB to the directors at the agency. On March 29, 2022, reaffirmed the decision that prevented appellant to become primary examiner in 2017. The affirmation letter issued without four applications for which the decision relied on. The decision does not meet agency regulatory standard.

11. June 2022, Suspension for questioning standard of review for patent examination based on agency pap guidance, published with false allegations pending before MSPB and sent to the other business unit TC2400 director at the agency. The affirmation letter with omission of material facts is used as evidence document to communicate suspension and MSPB matter.

12. Decision sustained to start suspension form august 15,2022 without material facts on file. Assigned and communicated the suspension to others supervisor for recording.

13. Suspension notice again published with false allegations pending before MSPB in December 2022 and sent to another business unit TC1600 director Jones Gary. Assigned and communicated to another art unit supervisor for suspension recording. Recorded suspension again in the federal personnel official file to injure profession.

### Federal computer locked without notice

14. Locked the computer to prevent conducting conference for a priority patent application for which SPE emailed that he is unfamiliar with the technology and needed consultation. Appellant scheduled meeting as next order of business as per agency guidance. SPE Ashish declined the meeting and on august 15,2022 morning locked the computer. According to PAP guidance, there were no suspension and the next order of business is the consultation for priority case that has impact to the critical element of docket management of performance plan. The computer was locked and no notice sent to the stakeholders. No notice of computer lock on august 18,2022. Absent status communicated to others.

15. As a supervisory patent examiner, agency expects he performs his duties respectfully, with professionalism and in compliance with agency policy and procedures. He disregarded the priority application and disrespected the stakeholders who are subject matter experts as per his communication for consultation.

### Conspiracy to Restrain and Reduce professional output

16. According to MPEP guidance, after final responses examined by primary examiners. The after final responses docketed to appellant's docket and maintained her as junior examiner to reduce her professional ouput.

4

17. Claim encompasses both statutory and non statutory subject matter and appellant issued rejection under 35 USC 101 for the non statutory subject matter. SPE commented to withdraw the rejection for non statutory subject matter. The claim at issue encompasses both statutory and non statutory subject matter. His comment to withdraw the rejection is that there is no basis for signal per se rejection since this is a method claim. *In case Mentor Graphics Corp. v. Eve-USA, Inc 851 F.3d 1275, a claim covering signal is not eligible for patenting and when a claim covers both statutory and non-statutory embodiments, it is not eligible for patenting.* Appellant's rejection for non statutory embodiment is assessed deficient examination and the case number published in the federal official file. No reason why this case included. Damaged professional reputation at the agency and antitrust injury in the relevant market in commerce.

18. There is a rejection under appellant's guidance and MSPB administrative judge agreed with the rejection. The allegation is reversed that was made by the director. The notice for public comments published in the federal register for deferred rejection that has interferences with the decision. The official guidance MPEP section 1214.04 is updated after the MSPB decision and the agency wide official communication to examiners removed this section of MPEP. Changed the guidance document to their favor and reduced output at the agency.

19. Appellant issued rejection for a patent application using MPEP section 2153.01(a) for Grace Period Inventor Disclosure Exception and maintained prior art rejection. According to the guidance, AIA 35 USC 102(b)(1)(A) provides that a disclosure which would otherwise quality as prior art under 35 USC 102(a)(1) may be excepted as prior art if the disclosure (1) was made one year or less before the effective filing date of the claimed invention; and (2) by the inventor or a joint inventor. The prior art publication has more authors than the filed application and the prior art publication would qualify as prior art under this guidance. Appellant relied on this section of MPEP in her official communication to attorney and applicant. This section of MPEP later changed that can disqualify the prior art publication that appellant used in the rejection. The

prosecution may be re-opened if Attorney's arguments based on the changed new section of MPEP. Damage professional reputation to the stake-holders attorneys and inventors.

20. Conspiracy to restrain becoming primary examiner and receive benefits and compensation by director Seema, Dave Wiley, SPE Vital and Hosain. The decision made by Ms. Seema to deny promotion when she was not in the supervisory chain of command. Four allowances withdrawn and created rework burden for the agency based on the decision she made. Later brought false allegations in 2018 to cover up the withdrawals for removal that resulted to MSPB appeal. Ms. Seema became direct second line supervisor in 2022 and let SPE Ashish issue affirmation letter to her decision. The affirmation letter is used to communicate MSPB matter to other directors at the agency. Suffered damages for repeat suspensions, awol recording by locking computer, suspension communicated, unduly harsh performance review to include in the personnel official file because of MSPB filing. Office issued quality notification to Ms. Seema's decision that prevented promotion and the notice was neglected.

21. Both Ms. Seema, and SPE Ashish made reassignment and suspension decision and continued disregard for authority in the supervisory chain according agency guidance. Ms. Seema have other director to approved PAP23 and did not transfer appellant under the director who approved PAP23 as per agency guidance. She kept her in the art units under her and continue making decisions to damage her progress. The same conduct she committed before in 2017 to prevent my progress and committed again in 2022 to damage docket to affect performance disregarding authority.

22. Case routing by new TRP algorithm and changed docket from original portfolio. SPE Ashish and SPE Mofiz conspired to manually docketed cases without cpc challenge as required by TRP implementation guidance.

23. Unreasonable agreement with attorneys to repeat calls and for quality notices. Antitrust

6
Case 5:23-cv-00495-D   Document 1   Filed 09/07/23   Page 6 of 9

injury to profession and damages reputation to the external stakeholders.

24. Director are expected to perform their duties with highest degree of integrity and in a reliable and trustworthy manner. She involves others to commit the same misconduct she committed to fulfil her objective. Her misconducts were serious, intentional and repeated. Professional Technical Qualification and Executive core qualifications are mandatory qualification for director position. Ms. Seema issued the decision that is not regulatory and statutorily compliance to the agency policy. She neglected her duties for which she was responsible and create burden for others and agency's operation. Her continuous disregard to the agency directed chain of command and making employment decision for others for which she was not responsible is detrimental to agency's operation and mission.

### Invasion of privacy and obstruction to justice

25. Access computer to collect prior suspensions information that is pending before MSPB.

26. Placed the computer outside of PTO network and repeat request for password change.

27. Received selective emails.

28. Docket management is the critical element of PAP. Manipulated Docket management system to affect performance negatively.

29. Official asked to send photograph of badge when this is prohibited.

30. Monitor off work activity to take personnel actions. Controlling bill payments for late payments and charged late fees to impact credit worthiness. Appellant's life in risk of financial crisis.

### Misrepresentation and Fraud

31. ADR (Advance resolution) team could not find Jones Gary's contact who made the

suspension decision in February 2023. Later informed his record decommissioned and no record available. Email sent to him is missing from the inbox.

32. Edward Lefkowitz, of Director of TC3700 and he mentioned he is acting assistant commissioner for patent in July 2023. No notice of leadership change.

33. David Wiley was second line supervisor and approving official, but official and performance was signed by others.

34. Damaged docket and performance by fraud and misrepresentation.

35. Individuals in the communication to collect information. ADR team could not find record of the individual.

36. Acting position is used to take adverse employment actions. Acting position have authority to make adverse action to juniors but do not have authority to take action for seniors.

38 Different ID used to carry suspension to the social security number. Damage social security and tamper employment market.

## Conclusion:

Appellant has suffered damages because of noncompliance decision made without supervisory chain. Affirmation letter issued to the decision again to maintain the decision without material facts and used to communicate the pending matter before MSPB at the agency on suspension notice. Since October 2017, appellant issued approximately 300 office actions and approximately seventy (70) patents published within United States in commerce. Appellant's name was not published as Senior Examiner or Primary Examiner. Antitrust injury to her profession, employment market and restrained compensation in the relevant market in commerce.

RELIEF SOUGHT:

1. Punitive damages for intentional and willful actions.

2. Restitution damages for tampering employment market and deploy as regional director position for the southeastern region of US based in North Carolina according to Unleashing American Innoavators Act of 2022.

3. Demand $70 million for antitrust injury in the relevant market in commerce.

Dated: 7 of September, 2023

/S/
Nargis Sultana
Cary, NC