IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-495-D

| | | |
|---|---|---|
| NARGIS SULTANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DEPARTMENT OF COMMERCE, | ) | |
| | ) | |
| Defendant. | ) | |

On September 7, 2023, Nargis Sultana ("Sultana" or "plaintiff") filed a pro se complaint against the United States Department of Commerce ("Department" or "defendant") asserting a claim for antitrust injury to her profession and various other tort claims [D.E. 1]. On November 8, 2023, the Department moved to dismiss Sultana's complaint for lack of subject-matter jurisdiction due to sovereign immunity and for failure to state a claim upon which relief may be granted [D.E. 7] and filed a memorandum in support [D.E. 8]. See Fed. R. Civ. P. 12(b)(1), (6). On December 8, 2023, Sultana responded in opposition [D.E. 10].

On January 5, 2024, Sultana moved for judgment [D.E. 11]. On January 16, 2024, Sultana moved for summary judgment [D.E. 12] and filed a memorandum in support [D.E. 13]. See Fed. R. Civ. P. 56. On January 19, 2024, the Department moved to strike Sultana's motion for judgment [D.E. 14]. On January 29, 2024, Sultana responded in opposition to the Department's motion to strike [D.E. 15]. On February 5, 2024, the Department moved to strike Sultana's motion for summary judgment [D.E. 16]. On February 26, 2024, Sultana responded in opposition to the Department's second motion to strike [D.E. 17]. On March 12, 2024, Sultana filed documents in support of her motion for summary judgment [D.E. 18]. On March 14, 2024, Sultana moved to

exclude her motion for judgment [D.E. 19]. As explained below, the court grants defendant's motion to dismiss for lack of subject-matter jurisdiction, denies plaintiff's motions for judgment, denies as moot defendant's motions to strike and plaintiff's motion to exclude, and dismisses without prejudice plaintiff's complaint.

I.

The United States Patent and Trademark Office ("USPTO") is an agency of the United States within the Department of Commerce, responsible for granting and issuing patents and registering trademarks. See 35 U.S.C. § 1, 2(a); Compl. [D.E. 1] ¶ 2; [D.E. 8] 2. In 2012, Sultana started her employment with the USPTO as a patent examiner. See Compl. ¶ 1. In August 2023, the USPTO terminated Sultana's employment. See [D.E. 8] 3.

Liberally construing Sultana's pro se complaint, Sultana alleges an antirust claim against the Department under the Clayton Act and various tort claims. See Compl. ¶¶ 4–38; 15 U.S.C. § 15. In support of her claims, Sultana makes several allegations concerning the USPTO's supervisory structure, her performance reviews, her suspensions, and USPTO actions that removed credit for her work as a patent examiner. See Compl. ¶¶ 5–38. Sultana alleges that she suffered damages because "of [a] noncompliance decision made without supervisory chain," and that the antitrust violation caused "injury to her profession, employment market[,] and restrained compensation in the relevant market in commerce." Id. at 8.

The Department moves to dismiss the complaint for lack of subject-matter jurisdiction due to sovereign immunity. See [D.E. 7]; Fed. R. Civ. P. 12(b)(1). Sultana must establish subject-matter jurisdiction. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In reviewing a Rule 12(b)(1) motion, a court regards "the pleadings as mere evidence on the issue,

2

and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (quotation omitted). "The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact [concerning jurisdiction] exists." Richmond, 945 F.2d at 768.

A suit against the federal government requires the plaintiff to prove a waiver of sovereign immunity, either by the Constitution or Congress's unequivocal consent. See Army & Air Force Exch. Serv. v. Sheehan, 456 U.S. 728, 733–34 (1982); Mann v. Haigh, 120 F.3d 34, 37 (4th Cir. 1997); Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995); Nieves v. McHugh, 111 F. Supp. 3d 667, 673 (E.D.N.C. 2015). "Where the United States has not waived its sovereign immunity," the court must dismiss the claim for lack of subject-matter jurisdiction. Anderson v. United States, 669 F.3d 161, 164 (4th Cir. 2011); see Williams, 50 F.3d at 304.

As for Sultana's antitrust claim, the United States is "not a person who can be an antitrust defendant." U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd., 540 U.S. 736, 745 (2004); see id. at 744–46, 748. Sultana responds that the USPTO is an "independent establishment of the federal government," and thus can be liable under the federal antitrust statutes. [D.E. 10] 7. In Flamingo Industries, the Supreme Court rejected the argument that the Postal Service, as an "independent establishment of the executive branch of the Government of the United States," is an entity existing outside the government. Flamingo Indus., 540 U.S. at 746. The Court held that because the Postal Service is "part of the Government of the United States . . . [it] is not controlled by the antitrust laws." Id. at 748. Thus, the court rejects Sultana's argument.

3

Congress has not unequivocally consented to suit under the federal antitrust statutes. Sovereign immunity bars Sultana's antitrust claim. See, e.g., id.; Diaz v. Johnson, Civ. No. 18-11257, 2019 WL 2028861, at *2 n.2 (D. Mass. Apr. 29, 2019) (unpublished), report and recommendation adopted, 2019 WL 2029511 (D. Mass. May 8, 2019) (unpublished). Accordingly, the court dismisses Sultana's antitrust claim.

As for Sultana's tort claims, the Federal Tort Claims Act ("FTCA") abrogates sovereign immunity for certain tort claims but contains specific limitations before the waiver becomes effective. See, e.g., 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2675, 2680(h). A waiver of sovereign immunity is "strictly construed, in terms of its scope, in favor of the sovereign." Lane v. Pena, 518 U.S. 187, 192 (1996); see Welch v. United States, 409 F.3d 646, 650–51 (4th Cir. 2005). Under the FTCA, a plaintiff first must file an administrative claim with the appropriate federal agency. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993); Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986). Once a claimant files the administrative claim, the claimant cannot sue until the agency denies the claim or six months have elapsed. See 28 U.S.C. § 2675(a). The FTCA administrative-claim process is jurisdictional and cannot be waived. See, e.g., Henderson, 785 F.2d at 123; Kielwien v. United States, 540 F.2d 676, 679 (4th Cir. 1976). Furthermore, the FTCA does not waive sovereign immunity for intentional torts. See 28 U.S.C. § 2680(h).

Sultana failed to file an administrative claim with the USPTO before filing this action. See [D.E. 8] 8; [D.E. 8-1] ¶ 6. Sultana failed to respond with any evidence that she filed an administrative claim. Cf. [D.E. 10] 8. Furthermore, Sultana's vague references to pending Merit Systems Protection Board proceedings fail to establish that Sultana administratively exhausted any claims. See Compl. ¶¶ 9–13, 25; Kloeckner v. Solis, 568 U.S. 41, 44–46 (2012); Peterik v. United

4

States, No. 7:16-CV-41, 2017 WL 1102617, at *3 (E.D.N.C. Mar. 24, 2017) (unpublished). Thus, Sultana fails to demonstrate compliance with the FTCA's administrative exhaustion requirements. See McNeil, 508 U.S. at 113. Moreover, any claims Sultana presents for intentional torts fall under the FTCA's waiver exception. See 28 U.S.C. § 2680(h). Accordingly, the court dismisses Sultana's tort claims.

The court lacks jurisdiction over Sultana's claims. Accordingly, the court denies Sultana's motions for judgment and summary judgment and denies as moot the Department's motions to strike and Sultana's motion to exclude.

## II.

In sum, the court GRANTS defendant's motion to dismiss [D.E.7], DENIES plaintiff's motions for judgment [D.E. 11, 12], DENIES as moot defendant's motions to strike [D.E. 14, 16] and plaintiff's motion to exclude [D.E. 19], and DISMISSES WITHOUT PREJUDICE plaintiff's complaint.

SO ORDERED. This 22 day of April, 2024.

JAMES C. DEVER III
United States District Judge